UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **JOHN RAYMOND CORNWELL,** § | | **PLAINTIFF** |
| **M.D.O.C. #148636** § | | |
| § | | |
| **V.** § | | **CAUSE NO. 3:10cv610-CWR-LRA** |
| § | | |
| **GOVERNOR HALEY BARBOUR,** § | | |
| **SUPERINTENDENT MARGARET** § | | |
| **BINGHAM, WARDEN MAUD IRBY,** § | | |
| **RANKIN COUNTY, MARION** § | | |
| **COUNTY, SHERIFF BERKLEY** § | | |
| **HALL, and JOHN DOES** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

BEFORE THE COURT are *pro se* Plaintiff John Raymond Cornwell's pleadings. He brings this action under Section 1983, challenging his probation revocation and dismissal of a previous civil action. He asserts Defendants violated his constitutional right to rehabilitation by entrapping him into a probation violation and breaking an interstate agreement with Illinois. He appears to also bring claims for denial of access to courts and the Sixth Amendment right to counsel. The Court has liberally construed his pleadings and considered the relevant legal authority. The case is dismissed.

**FACTS AND PROCEDURAL HISTORY**

Cornwell is an inmate with the Illinois Department of Corrections. He is currently serving four years for burglary, followed by three years for residential burglary. Defendants are Mississippi Governor Haley Barbour, Central Mississippi Correctional Facility Superintendent Margaret Bingham, CMCF Warden Maud Irby, Rankin and Marion Counties, and Marion County Sheriff Berkley Hall.

Prior to Cornwell's Illinois convictions, he was a pre-trial detainee in the Pearl River County

Jail in Poplarville, Mississippi.  In 2008, he filed in this Court a Section 1983 case, *Cornwell v. Allison*, 1:08cv1324-RHW, challenging his conditions of confinement.  In 2009, he was convicted by the State of Mississippi of robbery and sentenced to three years in the custody of the Mississippi Department of Corrections.

Cornwell alleges he was placed on Earned Release Supervision by M.D.O.C. on March 3, 2010 and was released without M.D.O.C. checking for any outstanding warrants.  In fact, he claims to have had outstanding warrants in Illinois dating back to January 2008.  When he was "released from E.R.S. to probation," the warrants were discovered. (Compl. at 4).  Consequently, he was sent back to M.D.O.C. for a probation violation.

Magistrate Judge Robert H. Walker[1] dismissed the *Allison* action with prejudice for failure to prosecute when Cornwell did not appear at the September 27, 2010, Pre-Trial Conference.  He asserts he had been arrested in Pekin, Illinois on August 18.  He complains he was denied an attorney in the *Allison* case.  He also complains it was  dismissed because M.D.O.C.'s website falsely indicated M.D.O.C. did not know where he was.  In fact, he alleges, it "placed an M.D.O.C. hold on me in August and asked for full expedition." *Id.*  He apparently asserts that M.D.O.C. knew he was in jail in Illinois and should have so reported on their website.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1]The parties consented to have the Magistrate conduct all proceedings.

relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Cornwell to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

RIGHT TO REHABILITATION

First, Cornwell brings a Section 1983 claim for violation of his "constitutional right to proper rehabilitation." (Dkt. 13 at 1). He argues Defendants should have checked for warrants before releasing him out on probation. By failing to do so, he asserts they caused his Mississippi probation to be revoked when the warrants were later discovered by probation. He also claims this was a form of entrapment. Finally, he argues this breached "'interstate agreement' laws with Illinois."[2] *Id.*

Essentially, this is an attack on the validity of Cornwell's probation revocation and the fact of or length of the resulting confinement. ". . . I was a first time offender and since my crime was non violent, I was eligible to do only 25% of my time, but since the prison system is ran so poorly,

---

[2]Mississippi is not a party to the Interstate Agreement on Detainers nor the Uniform Criminal Extradition Act. *Smothers v. State*, 741 So. 2d 205, 206 (¶6) (Miss. 1999). Construing this allegation liberally, the Court reads "interstate agreement laws" to be the Extradition Clause and the Extradition Act. U.S. Const. art. IV, § 2, cl. 2; 18 U.S.C. § 3182.

3

I was forced to do almost my full sentence of three years, at 2 years and a month." *Id.* A Section 1983 claim that challenges the fact or duration of a State sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

To succeed on this claim, Cornwell will have to prove that the revocation and resulting sentence were illegal. This would necessarily require the Court to assess the validity of the revocation and resulting confinement.

Cornwell also alleges that one of the effects of Defendants' failure to check for warrants is that his inmate classification was raised from a minimum to a medium. Prisoner classification is not subject to due process protections. *Moody v. Doggett*, 429 U.S. 78, 89 n.9 (1976). Nevertheless, success on this claim for relief would still require a finding that the warrants should have been initially screened and therefore the revocation never would have happened. This likewise implies the invalidity of the revocation and resulting confinement.

Cornwell admits the revocation has not been invalidated. Therefore, these claims are barred by *Heck* and may not yet proceed. They are dismissed with prejudice for failure to state a claim until such time as he successfully has the State court revocation invalidated, via appeal, post conviction

relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

RIGHT TO COUNSEL

In Cornwell's Motion to Amend, he attempted to assert a claim against the State of Mississippi for denial of counsel in the *Allison* case. Specifically, he alleged a claim against the "(State of Mississippi) for violating my (6) Sixth Amendment in case # 1:08-cv-01324-RHW, because proper representation was not appointed, even though Defendant, John Raymond Cornwell, was indigent when he first filed back at the beginning of his case and asked that said motion, be accepted and allowed." (Dkt. 5). The Court denied the amendment because the State was not a "person" under Section 1983. (Dkt. 6 at 1). The Court further ordered Cornwell to name any other defendants he wished and state specifically what they did. When he responded, he named Defendants, but he did not charge any with denial of counsel.

It is unclear if Cornwell still wishes to proceed on this claim. Out of precaution, the Court will address it. To the extent Cornwell is bringing this claim against Defendants, it is clear that they, as State actors, would not be responsible for appointing him counsel in his previous federal case. *See*, 28 U.S.C. § 1915(e)(1). Therefore, his denial of counsel claim is dismissed for failure to state a claim upon which relief may be granted.

ACCESS TO COURTS

Finally, in the Complaint, Cornwell charged M.D.O.C. with causing his prior civil action to be dismissed because M.D.O.C. falsely represented on its website that M.D.O.C. did not know his location. Construing this claim liberally, the Court construes this as an attempt to allege a denial of

access to courts claim.

By Order dated November 22, 2010, the Court held that M.D.O.C. was not a "person" under Section 1983 and gave Cornwell the opportunity to voluntarily dismiss M.D.O.C. (Dkt. 6 at 1). He voluntarily dismissed it on December 27. When he named the remaining Defendants, he did not charge any of them with this conduct.

It is not clear if Cornwell still wishes to maintain this claim. Assuming that he wishes to bring this claim against Defendants, the Court finds it is frivolous. The Court takes judicial notice that Magistrate Judge Walker dismissed the *Allison* action, because Cornwell failed to prosecute that case. He failed to appear at the Pre-Trial Conference, and Judge Walker found the notice of Pre-Trial Conference "was mailed to the Plaintiff at the last address he provided, and is presumed to have been received by him as it has not been returned to the Court as undeliverable. . . . Plaintiff neither appeared nor made any contact with the Court with reason for his failure to appear." *Allison*, 1:08cv1324-RHW, Dkt. 68 at 1 (S.D. Miss. Sept. 27, 2010). The last address was a free world address in Picayune, Mississippi.

> In fact, the last action taken by Plaintiff was his filing of [61] a notice of change of address on March 25, 2010. As of the date of this order, the Mississippi Department of Corrections web site lists Cornwell's location as "not applicable other custody/at large." Plaintiff has been repeatedly warned by previous orders of this Court that failure to advise the Court of a change of address could result in the dismissal of his case.

*Id.* at 2 (citing seven previous orders of the Court). Judge Walker further noted that the motions for summary judgment had gone unanswered. It is clear the case was dismissed for Cornwell's repeated failure to prosecute and not because of Defendants. It was Cornwell's responsibility to notify the Court of his whereabouts. He does not allege that he was prevented from doing so.

6

Furthermore, Defendants were not parties to the action. They did not contact the Court and misrepresent Cornwell's whereabouts. Contrary to the allegation, they did not indicate ignorance as to where he was. Rather, M.D.O.C.'s website indicated he was in "other custody." He admits he was in jail in Illinois at that time. Thus, there was no misrepresentation. This claim is dismissed as frivolous.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff's John Raymond Cornwell's claims based on the State court revocation are **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the revocation is invalidated.

**IT IS FURTHER ORDERED AND ADJUDGED** that, to the extent Plaintiff asserts a denial of counsel claim, it is and should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that, to the extent Plaintiff asserts a denial of access to courts claim, it should be and is hereby **DISMISSED WITH PREJUDICE** as frivolous. A separate judgment will issue pursuant to Federal Rule of Civil Procedure 58.

This the 14th day of October, 2011.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE